1  Ronald H. Chew, SBN 182121
   LAW OFFICES OF RONALD H. CHEW APLC
2  3699 Wilshire Boulevard, 7th Floor
   Los Angeles, California 90010-2726
3  Tel: 213-251-2300
   Fax: 213-251-2310
4

5  Attorney for Plaintiff,
   NIGEL TURNER
6

7

8              UNITED STATE DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  NIGEL TURNER,                    )  Case No.:  CV10 7761  R VBKx
                                     )
12              Plaintiff,           )  COMPLAINT FOR DAMAGES
                                     )  NEGLIGENCE/MEDICAL
13         vs.                       )  MALPRACTICE
                                     )
14                                   )
                                     )
15  UNITED STATES OF AMERICA, and    )
    DOES 1 to 100,                   )
16                                   )
                Defendants.          )
17  _____    )

18       COMES NOW PLAINTIFF WHO ALLEGES THE FOLLOWING:

19       1.   This action arises under the Federal Tort Claims Act,

20  28 United States Code Section 2671 et.seq.  This Court is vested

21  with jurisdiction pursuant to 28 USC §1346(B) and 28 USC §2671.

22  The matter in controversy exceeds, exclusive of interest and

23  costs, the sum of $75,000.

24       2.   On or about November 30, 2009, Plaintiff Nigel Turner

25  filed a claim for damages, injury or death on standard Form 95 to

26  the United States of America and its agency, the National

27  Institutes of Health for the sum of $1,650,000.  (True and

28  correct copy of claim form attached hereto as Exhibit "A".)

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719   (213) 251-2300

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719   (213) 251-2300

1    3.    Over six months have passed since the filing of the

2  administrative claim of Nigel Turner without disposition by the

3  United State of America through the National Institutes of

4  Health.   Accordingly pursuant to 28 USC §2675 Plaintiff is

5  authorized to file the instant complaint for medical malpractice

6  and loss of consortium, which has been duly commenced after 6

7  months of the filing of said claims.

8    4.    Plaintiff Nigel Turner is a resident of the State of

9  California within the Central District.

10    5.    The acts and omissions complained of herein occurred

11  within the Montgomery District of Maryland.   Patient was admitted

12  to the National Institutes of Health for treatment from severe

13  depression.

14    6.    On or about February 4, 2008, Plaintiff, a patient at

15  the National Institutes of Health, was prescribed, ordered and

16  given 40 milligrams of Adderall XR, an extended release

17  amphetamine.

18    7.    Plaintiff questioned the Adderall XR prescription and

19  dosage because he had recently discontinued use of Emsam, a MAOI

20  known to react adversely with amphetamines for up to 2 weeks

21  after discontinuation.   Plaintiff was informed that Adderall was

22  ordered by the supervising physician and that dosage was correct.

23    8.    Thirty minutes later, Plaintiff went into severe

24  hypertensive crisis, suffered severe rises and falls in blood

25  pressure and excruciating pain in his head.

26    9.    Plaintiff's Spouse believing that Plaintiff was dying

27  screamed for help.   Doctors arrived and were confused.   Upon

28  realizing the seriousness of the situation declared it a "Code

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719  (213) 251-2300

1  Blue" emergency.

2      10.  Plaintiff was administered Charcoal and Lactulose to

3  minimize absorption of the amphetamine salts.  However this

4  improper treatment with Charcoal resulted in the retention of the

5  various adversely reacting drugs in Plaintiff's body.

6      11.  Plaintiff was admitted to ICU and while there was

7  forced to suffer severe rises and falls in his blood pressure

8  that resulted in excruciating headaches and near death abnormally

9  low and high blood pressures.

10      12.  This torturous cycle lasted in ICU for 4 days during

11  which time, Plaintiff's spouse continuously monitored Plaintiff's

12  condition all the while believing that Plaintiff was going to

13  die.

14      13.  Fearful of repeating this torturous cycle created by

15  defendant's negligence, Plaintiff discontinued his treatment for

16  depression.

17      14.  All of the proceeding paragraphs are incorporated

18  herein.

19      15.  Defendant United States of America operates a health

20  care facility known as the National Institutes of Health in

21  Baltimore, Maryland.  Defendant, in operating his hospital, holds

22  itself out to individuals to use that degree of care, skill,

23  diligence, and attention used by hospitals generally in the

24  community in the care and treatment of patients.  The hospital

25  operated by defendants has in its employ, among others, doctors,

26  nurses, interns, residents, student nurses, nurses' aids and

27  other hospital personnel over which the defendant exercises

28  exclusive control and supervision, with the right to employ and

1  discharge such employees.

2      16.  At all relevant times, there existed between the

3  physicians employed by defendant and Plaintiff Nigel Turner the

4  relationship of physician/patient.

5      17.  Plaintiff Nigel Turner was entitled to and in fact did

6  utilize defendant's hospital and hospital staff to diagnose and

7  treat a medical condition and medical complaint then suffered by

8  plaintiff.  Pursuant to this employment, defendant and its staff

9  members rendered professional services in the diagnosis,

10  treatment and care of Plaintiff Nigel Turner for his condition.

11      18.  On or about February 4, 2008, Nigel Turner presented

12  himself to the physicians and other medical staff members of the

13  National Institutes of Health, in Bethesda, Maryland in order to

14  ascertain the state of his health and diagnose any possible

15  diseases and physical conditions.  Pursuant to this employment

16  defendant rendered professional services in examining and

17  treating Nigel Turner.

18      19.  From and after the time of this employment, defendant

19  and its staff members and nurses under its supervisory control so

20  negligently failed to exercise the proper degree of knowledge and

21  skill in examining, diagnosis, treating and caring for plaintiff,

22  that plaintiff was caused to suffer the injuries and damages

23  hereinafter alleged.

24      20.  Defendants negligently failed to disclose material

25  risks of adverse medication interaction and failed to provide

26  adequate medical care.

27      21.  As a proximate result of the negligence of defendants,

28  plaintiff suffered severe bodily and mental injuries.

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719   (213) 251-2300

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719   (213) 251-2300

1    22.   As a proximate result of the negligence of defendants,

2 Nigel Turner has sustained injury to his health, strength and

3 activity all of which injuries have caused and have continued to

4 cause plaintiff great mental, physical and nervous pain and

5 suffering.  As a result of such injuries, plaintiff has sustained

6 general damages in an amount not yet ascertained.  Plaintiff will

7 seek leave to amend this complaint to state the true amount when

8 ascertained.

9    23.   As a further proximate result of the negligence of

10 defendant, Nigel Turner has incurred and will continue to incur

11 medical, hospital and related expenses all to this special damage

12 in an amount not yet ascertained.  Plaintiff will seek leave to

13 amend this complaint to state the true amount when ascertained.

14    24.   All the proceeding paragraphs are incorporated herein.

15    25.   These injuries have caused Plaintiff to seek further

16 medical treatment and possible future treatment for repair.

17    26.   As a proximate result of the negligence of defendants,

18 during this diagnosis and treatment, Nigel Turner has sustained

19 injury to his health, strength and activity all of which injuries

20 have caused and have continued to cause plaintiff great mental,

21 physical and nervous pain and suffering.  Said injuries have and

22 will result in permanent disability to him, causing him to be

23 unable to work and earn income.  As a result of such injuries,

24 plaintiff has sustained general damages in an amount not yet

25 ascertained.  Plaintiff will seek leave to amend this complaint

26 to state the true amount when ascertained.

27    27.   At all relevant times defendants United States of

28 America and National Institutes of Health owed a duty to

- 5 -
COMPLAINT FOR DAMAGES

1  plaintiff to ensure the competence of their staff physicians and

2  nurses, by using reasonable care in selecting those physicians

3  and reviewing their competency.

4       28.  Defendants United States of America and National

5  Institutes of Health, breached their duty in that they

6  negligently failed to properly ensure the competency of the

7  personnel performing the diagnosis and treatment on plaintiff.

8       29.  As a proximate result of the negligence of defendants,

9  Nigel Turner has sustained injury to his health, strength and

10  activity all of which injuries have caused and have continued to

11  cause plaintiff great mental, physical and nervous pain and

12  suffering.  As a result of such injuries, plaintiff has sustained

13  general damages in an amount not yet ascertained.  Plaintiff will

14  seek leave to amend this complaint to state the true amount when

15  ascertained.

16       30.  As a further proximate result of the negligence of

17  defendants, Nigel Turner has incurred and will continue to incur

18  medical, hospital and related expenses all to his special damages

19  in an amount not yet ascertained.  Plaintiff will seek leave to

20  amend this complaint to state the true amount when ascertained.

21       31.  Plaintiff incorporates all of the proceeding causes of

22  action.

23       32.  At all relevant times defendants United States of

24  America and National Institutes of Health had a duty to provide

25  competent supervision over the personnel during the diagnosis and

26  treatment on Plaintiff.

27       33.  Defendants United States of America and National

28  Institutes of Health, breached their duty in that they

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719   (213) 251-2300

1  negligently failed to supervise its personnel during the
2  diagnosis and treatment on plaintiff.
3      34.  As a proximate result of the negligence of defendants,
4  Nigel Turner has sustained injury to his health, strength and
5  activity all of which injuries have caused and have continued to
6  cause plaintiff great mental, physical and nervous pain and
7  suffering.  As a result of such injuries, plaintiff has sustained
8  general damages in an amount not yet ascertained.  Plaintiff will
9  seek leave to amend this complaint to state the true amount when
10 ascertained.
11     35.  As a further proximate result of the negligence of
12 defendants, Nigel Turner has incurred and will continue to incur
13 medical, hospital and related expenses all to his special damages
14 in an amount not yet ascertained.  Plaintiff will seek leave to
15 amend this complaint to state the true amount when ascertained.
16     36.  Plaintiff incorporates all of the proceeding causes of
17 action.
18     37.  Defendant United States of America and National
19 Institutes of Health had a duty to warn and advise Plaintiff at
20 all times of possible complications or side effects of any
21 agreed-upon surgical procedure.
22     38.  Defendants United States of America and National
23 Institutes of Health, breached their duty in that they
24 negligently failed to advise Plaintiff that there existed the
25 possibility that, as a complication or side effect of the use of
26 certain medications, that Plaintiff could suffer permanent
27 physical and mental injuries.
28     39.  As a proximate result of the negligence of defendants,

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719   (213) 251-2300

- 7 -
COMPLAINT FOR DAMAGES

1  Nigel Turner did not give informed consent to the use of certain
2  medications and treatment procedures and Plaintiff sustained
3  injury to his health, strength and activity all of which injuries
4  have caused and have continued to cause plaintiff great mental,
5  physical and nervous pain and suffering. As a result of such
6  injuries, plaintiff has sustained general damages in an amount
7  not yet ascertained. Plaintiff will seek leave to amend this
8  complaint to state the true amount when ascertained.

9      40. As a further proximate result of the negligence of
10 defendants, Nigel Turner has incurred and will continue to incur
11 medical, hospital and related expenses all to his special damages
12 in an amount not yet ascertained. Plaintiff will seek leave to
13 amend this complaint to state the true amount when ascertained.
14 ///
15 ///
16 ///

17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719 (213) 251-2300

LAW OFFICES OF RONALD H. CHEW APLC
3699 Wilshire Boulevard, 7th Floor
Los Angeles, CA 90010-2719   (213) 251-2300

1  WHEREFORE, plaintiff prays for judgment against defendants, and

2  each of them, as follows:

3          1.   For general damages as provided;

4          2.   For medical expenses as proved;

5          3.   For loss of earnings and earning capacity as may

6               be proved;

7          4.   For loss of enjoyment of life according as may be

8               proved;

9          4.   For costs of suit herein incurred; and

10         5.   For such other and further relief as the Court

11              deems just and proper.

12

13  DATE: October 7, 2010          Respectfully submitted,
                                    LAW OFFICES OF RONALD H. CHEW
14
                                    _____
15
                                    _____
16                                  RONALD H. CHEW
                                    Attorney for Plaintiff,
17                                  NIGEL TURNER

18

19

20

21

22

23

24

25

26

27

28

- 9 -
COMPLAINT FOR DAMAGES

# EXHIBIT

# "A"

EXHIBIT "A"    EXHIBIT "A"    EXHIBIT "A"    EXHIBIT "A"    EXHIBIT "A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>See Attached Sheet | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br>Nigel Turner, 2091 Mondo Court, Las Vegas, NV 89123; Ronald Chew, Esq., 3600 Wilshire Blvd., Ste. 700, Los Angeles, CA 90010 ⊞ |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>05/09/1956 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>Monday, February 4, 2008 | 7. TIME (A.M. OR P.M.)<br>approx. 11:00 a.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant, a residing patient at the National Institute of Mental Health (NIMH), was ordered and given 40 milligrams of Adderall XR, an extended release amphetamine. Claimant questioned dose due to recently discontinuing Emsam, an MAOI known to react adversely with amphetamines for up to 2 weeks after discontinuation. Claimant was informed that Adderall was ordered by supervising physician and that dosage was correct. Thirty minutes later, claimant went into severe hypertensive crisis, was admitted to ICU, and suffered severe rises and falls in blood pressure for 4 days. Claimant continues to have nightmares and has been diagnosed with post traumatic stress disorder. ⊞

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See #8, above. Claimant suffered severe hypertensive crisis, was admitted to ICU, and suffered severe rises and falls in blood pressure for 4 days. Claimant continues to have nightmares and has been diagnosed with post traumatic stress disorder. In addition, incident has caused undue stress on Claimant's marriage. Loss of consortium.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Lesley Turner | 2091 Mondo Court<br>Las Vegas, NV 89123 |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | $1,650,000.00 | | $1,650,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>213-251-2300 | 14. DATE OF SIGNATURE<br>October 22, 2009 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a seperate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95 REV. (2/2007) BACK**

Box 1:

```
NATIONAL INSTITUTE OF HEALTH
Attn: Medical/Legal Section
10 Center Drive, MSC 1192
Building 10, Room 1N205
Bethesda, MD 20892
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 7761 R (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| NIGEL TURNER | ) **CV10 7761  R  VBKx** |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| UNITED STATES OF AMERICA, and DOES 1 to 100 | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNITED STATES OF AMERICA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Ronald H. Chew, LAW OFFICES OF RONALD H. CHEW
3699 Wilshire Blvd., 7th Floor, Los Angeles, CA 90010

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  OCT 18 2010

**CHRISTOPHER POWERS**

*Signature of Clerk or Deputy Clerk*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NIGEL TURNER

**DEFENDANTS**
UNITED STATES OF AMERICA,
and DOES 1 to 100

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Ronald H. Chew, SBN182121
3699 Wilshire Blvd., 7th Floor    Tel: 213-251-2300  Fax 213-251-2310
Los Angeles, CA 90010    email: ronchewesq@yahoo.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☐ 3 Federal Question (U.S. Government Not a Party)

☑ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 1,650,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☑ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land / ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number: _____  CV10 7761

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                      ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                      ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                      ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maryland |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_    Date **October 7, 2010**

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |